IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENT HOLDRIDGE, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3-13-CV-1202-L |
| TRICORBRAUN INC., | § § | |
| Defendant. | § § | |

**DEFENDANT'S APPENDIX IN SUPPORT OF ITS MOTION TO DISMISS
AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Defendant TricorBraun Inc. and files this, its Appendix of Evidence in support of its Motion to Dismiss Plaintiff's Complaint for Improper Venue and For Failure to State a Claim or, In the Alternative, to Transfer and accompanying Brief in Support. Attached hereto are the following exhibits:

|  | Pages |
|---|---|
| **EXHIBIT A** – Declaration of Neil Tzinberg, Defendant's Chief Accounting Officer | 1-2 |
| • **Exhibit A** – 2004 Employment Agreement | 3-11 |
| • **Exhibit B** – 2006 Amendment | 12 |

Dated April 12, 2013                                    Respectfully submitted,


                                                                             /s/ *Monica A. Velazquez*
**MONICA A. VELAZQUEZ**
State Bar No. 24036132
monica.velazquez@strasburger.com
**STRASBURGER & PRICE, LLP**
2801 Network Boulevard
Suite 600
Frisco, Texas  75034
469.287.3900
469.287.3999 Fax

-and-

Gerard K. Rodriguez
MO Bar No. #33077
jerry.rodriguez@huschblackwell.com
Tanya M. Maerz
MO Bar No. #63987
tanya.maerz@huschblackwell.com
**HUSCH BLACKWELL LLP**
190 Carondelet Plaza
Suite 600
St. Louis, MO  63105
Direct: 314.480.1500
Fax: 314.480.1505

(*Pro Hac Applications Pending*)

***ATTORNEYS FOR DEFENDANT, TRICORBRAUN, INC.***

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on the 15th day of April, 2013, the foregoing document was filed electronically with the Clerk of the Court for the United States District Court Northern District of Texas using the CM/ECF system, and served by operation of that Court's electronic filing system upon the following:

Mark A. Shank, Esq.
David F. Wishnew, Esq.
Greg P. McAllister, Esq.
GRUBER HURST JOHANSEN
HAIL SHANK, LLP
144 Ross Avenue, Suite 2500
Dallas, Texas 75202
*Attorneys for Plaintiff*

              /s/ Monica A. Velazquez
              MONICA A. VELAZQUEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENT HOLDRIDGE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3-13CV1202-L |
| | § | |
| TRICORBRAUN INC. | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF NEIL E. TZINBERG

1. My name is NEIL E. TZINBERG. I am over twenty-one years of age and am of sound mind and fully competent to make this Declaration. I have personal knowledge of every fact stated herein and all facts stated herein are true and correct to the best of my information and belief.

2. I am currently the Chief Accounting Officer for TricorBraun Inc. ("TricorBraun"). TricorBraun was previously known as Kranson Industries, Inc. ("Kranson"). I have been employed in senior management positions with TricorBraun and previously Kranson at all times since on or about May 1, 2000.

3. TricorBraun (f/k/a Kranson) has maintained a branch in the Dallas, Texas market since at least 1995. On or about June 1, 2007, Kranson closed on a stock purchase acquisition of Ryco Packaging Corporation ("Ryco"). Upon completing its acquisition and integration of Ryco in 2007, TricorBraun's (f/k/a Kranson's) Dallas branch has been located at 500 Tittle Road, Suite 100, Lewisville, Denton County, Texas. This remains the current location of TricorBraun's Dallas branch today.

SLC-6897254-1

**EXHIBIT A**

4. As part of its acquisition of Ryco, Brent Holdridge's ("Holdridge") 2004 Employment Agreement and 2006 amendment with Ryco were acquired by Kranson (n/k/a TricorBraun). True and exact copies of the 2004 Employment Agreement and 2006 amendments executed by Holdridge and Ryco and acquired by TricorBraun (f/k/a Kranson) are attached hereto as **Exhibits A** and **B,** respectively.

5. Upon the acquisition and integration of Ryco, Holdridge began his employment with Kranson (n/k/a TricorBraun) in its Dallas branch. Holdridge remained employed by TricorBraun until on or about August 3, 2012. Until on or about July 1, 2010, Holdridge worked out of the Dallas branch, located at 500 Tittle Road, Lewisville, Denton County, Texas. Thereafter, from on or about July 1, 2010 until his termination in August, 2012, Holdridge held a corporate sales position and worked out of his home office in Lewisville, Denton County, Texas.

6. In accordance with 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is true and correct to the best of my information and belief.

FURTHER AFFIANT SAYETH NAUGHT.

_____
NEIL E. TZINBERG

Date: 4-12-2013

## EMPLOYMENT AGREEMENT

THIS AGREEMENT entered into this 9th day of August, 2004, by and between BRENT E. HOLDRIDGE, of 10207 Landwood Drive, Louisville, Kentucky 40291 (sometimes hereinafter referred to as AEmployee@), and RYCO PACKAGING CORPORATION, a Nebraska Corporation, with its principal office at 11422 Miracle Hills Drive, Suite 201, Omaha, Nebraska 68154 (sometimes hereinafter referred to as ARyco@).

In consideration of the employment of Employee by Ryco to the position of Manager of its Dallas District Office, and for other good and valuable consideration between the parties hereto, it is agreed as follows, to-wit:

### ARTICLE I
### EMPLOYMENT OF EMPLOYEE

1.1   Employee agrees to assume the position of Manager of the Dallas District Office of Ryco, and undertake other duties for Ryco for the compensation and upon the terms and conditions as hereinafter provided until termination of his employment. The Dallas District Office is presently located at 2100 Luna Road, Suite 100, Carrollton, Texas 75006.

1.2   As Manager of the Dallas District Office, Employee shall promote sales and develop Ryco=s customer base, supervise personnel, make certain that proper records are kept, including, but not limited to, the securing of Ryco's confidential information and trade secrets, shall be generally responsible for the growth, success, and profitability of said District Office, and he shall have such other duties as are assigned to him, from time to time, by the President of Ryco or other Ryco officers.

1.3   Employee agrees that he will, at all times, faithfully, industriously, and to the best of his ability, experience and talents, perform the duties that may be required of and from him to the reasonable satisfaction of Ryco.

**EXHIBIT A**

## ARTICLE II

## COMPENSATION

2.1   Ryco agrees to compensate Employee by paying him an annual base salary of One Hundred Thousand Dollars ($100,000.00), payable semi-monthly, and, for the first year of employment, a guaranteed bonus/commission of Fifty Thousand Dollars ($50,000.00), payable monthly. After the first full year of employment, said bonus payments shall continue, on a prorated basis, until December 31, 2005.

2.2   Ryco will provide Employee with a Ford Explorer or equivalent automobile for his use during his employment with Ryco and reasonable expenses related thereto, or in lieu thereof, at Employee's option, he will receive a $700.00 per month automobile allowance.

2.3   Employee will be entitled to all employee fringe benefits as may be offered to all employees of Ryco, from time to time.

2.4   Upon execution of this Agreement, Employee will be entitled to a signing bonus of Fifteen Thousand Dollars ($15,000.00).

2.5   Employee shall be entitled to a bonus of ten percent (10%) of the pre-tax earnings allocated to the Dallas District Office, which earnings are in excess of Two Hundred Thousand Dollars ($200,000.00), and fifteen percent (15%) of earnings in excess of One Million Dollars ($1,000,000.00). Any amounts owed to Employee for the bonus/commission under Section 2.1 above shall be subtracted from any amounts owed under Section 2.5. The pre-tax earnings and the allocation shall be made by Ryco's usual and customary accounting firm, and said determinations shall be conclusive and binding. Said bonus, if any, shall be paid by Ryco at such time or times as Ryco, in its discretion, shall determine, and shall commence no less than thirty (30) days after Ryco's accountants have made the determinations and allocations as aforesaid.

2.6   Ryco will pay Employee's reasonable moving expenses from Louisville, Kentucky to Dallas, Texas. Ryco will also pay Employee for his reasonable expenses in regard to temporary housing in the Dallas area for a period of one hundred eighty (180)

days. Further, and in connection with this transition, Ryco will also pay Employee for up to ten (10) round-trip air coach fares for travel between Dallas and Louisville.

2.7 During his employment with Ryco, Employee shall receive a three-week vacation per year.

2.8 During his employment with Ryco, Employee shall receive up to $300.00 per month reimbursement for dues at a Dallas area country club of the Employee's choosing.

## ARTICLE III
## CONFIDENTIAL INFORMATION

3.1 Employee acknowledges that, as Manager of the Dallas District Office, he will have significant knowledge of Ryco=s affairs and operations, and that all such information not otherwise intended to be disseminated to the public in the normal and regular course of Ryco's business shall be deemed to be confidential information, and that it would be detrimental to Ryco if disclosed to others. Therefore, Employee agrees, during the term of this Agreement, and thereafter, he will not, in any form or manner, directly or indirectly, voluntarily or involuntarily, disclose, furnish or make accessible to any person or entity, or use for his own benefit or for the benefit of anyone other than Ryco, confidential information concerning Ryco, its personnel, its finances, its products, its marketing strategy, its customers, its vendors and suppliers, its prospective customers, its services and its purchases and sales information. Expressly excluding all information which Employee acquired from sources other than through his employment by Ryco, confidential information shall include, without limitation, except as recited above, the following:

    a. Any and all forms of raw or other data, whether or not marked "confidential", derived from any and all sources, including without limitation: meetings; information, correspondence or other analyzed data; computer printouts; computer programs; computer records and other electronic media; flow charts; graphs and graphic materials.

    b. Any and all materials, documents, information, systems, processes and techniques relating to products or services sold by Ryco; its computer software or systems; accounting processes and procedures; profit margins;

3

purchase procedures; supplier relationships; market or other research techniques; and any and all materials, documents, information, systems, processes obtained from or on behalf or at the direction of Ryco, or any current or prospective customer of Ryco.

c. Any and all information, computer printouts, materials, documents, processes, schematics, compilations or reports relating to the sales history of any current or prospective customer, customer files, pricing structure, rebates, marketing information, customer needs and preferences, customer base or business forms of Ryco.

d. Any and all information, materials and documents, relating to Ryco's relations, contracts and dealings with its suppliers.

3.2 Employee acknowledges that any and all tangible and intangible records, tapes, notes, pictures, video tapes, printouts and documents which he used, or will use which were created, utilized or possessed during and in the scope of his employment by Ryco, including, but not limited to those written, produced, or created by him, are the sole and exclusive property of Ryco, and that all such items in his possession or control will be immediately delivered to Ryco upon termination of his employment or otherwise at Ryco's request.

## ARTICLE IV
## COVENANTS

4.1 Employee covenants that during his employment with Ryco, and for a period of twenty-four (24) months from and after termination of his employment, and regardless of any reason for said termination, he shall not, without the prior written consent of Ryco, in any manner, directly or indirectly, own, manage, operate, control, be employed by, participate in, or be connected in any manner in the ownership, management, operation or control of any business engaged in the wholesale distribution of packaging or packaging related products or services that competes with Ryco within a radius of two hundred (200) miles from the Dallas District Office located at 2100 Luna Road, Suite 100, Carrollton, Texas 75006, or wherever said District Office is situated during the course of Employee's

employment and immediately prior to his termination, and for which competitive business Employee would have any responsibility or involvement. For purposes of this agreement, Aindirectly@ shall mean as a shareholder, partner, member, employee or agent of any corporation, partnership, limited liability company or other business entity, and shall include rendering of services to any such entity regardless of ownership by Employee, or to any such entity owned, managed, operated or controlled by Employee=s spouse or other family member.

4.2   Employee covenants that, during his employment with Ryco, and for a period of twenty-four (24) months from and after termination of his employment, and regardless of any reason for said termination, he shall not, directly or indirectly, contact or solicit or accept the trade or patronage of any of Ryco's customers for himself or for any other person or entity with respect to packaging or packaging-related products or services. The term "customers" shall mean all persons or organizations with whom Ryco has done business and with whom Employee has had contact on behalf of Ryco or on whose accounts he has worked, or about whom he possessed confidential information, within the twenty-four (24) month period preceding the date of the termination of his employment, and which customers are located within a radius of two hundred (200) miles from the Dallas District Office located at 2100 Luna Road, Suite 100, Carrollton, Texas 75006, or wherever said District Office is situated during the course of Employee's employment and immediately prior to his termination.

4.3   Employee covenants that he shall not, for a period of twenty-four (24) months from and after the termination of his employment, regardless of any reason for said termination, directly or indirectly, solicit, induce or attempt to induce any employee of Ryco to leave such employment, to become connected in any way with any other business engaged in the wholesale distribution of packaging or packaging-related products or services, and which is in competition with Ryco.

4.4   Employee covenants that he shall not, during his employment with Ryco and for a period of twenty-four (24) months from and after the termination of his employment, regardless of any reason for said termination, directly or indirectly, solicit, induce or attempt to induce any supplier of Ryco to cease doing business with Ryco, or in any way to

diminish said business, or in any way to favor Ryco's competitors over Ryco, or to otherwise change or alter business relationships with Ryco to Ryco's detriment.

## ARTICLE V
## REMEDIES

5.1     Employee specifically agrees that if Ryco reasonably believes that he has violated any of the provisions of Articles III or IV above, it may immediately terminate his employment and cease any payment to him or benefit for him as provided in Article II above. Employee specifically acknowledges that the cessation of such payments or benefits would not compensate Ryco for its loss for any violation of Articles III and IV, as Ryco would be irreparably harmed, and the full extent of injury resulting therefrom would be impossible to calculate; that Ryco, therefore, would not have an adequate remedy of law; and that temporary and permanent injunctive relief would be appropriate against such breach. Said remedy shall be cumulative and not exclusive, and shall not limit Ryco from pursuing any other lawful remedies, including damages.

5.2     <u>Reformation:</u> Employee agrees that if a court of competent jurisdiction should declare any of the covenants contained herein unenforceable for any reason, whether due to an unreasonable restriction as to duration or otherwise, then such court shall be empowered to reform such covenant to a reasonable restriction and to grant Ryco such other relief, at law or in equity, as is reasonably necessary to protect the interests of Ryco.

## ARTICLE VI
## TERMINATION OF EMPLOYMENT

6.1     Employee may terminate his employment, at any time, and for any reason, but only upon thirty (30) days' written notice to Ryco.

6.2     Employee shall be hired for an initial period of ninety (90) days during which he may not be terminated other than for just cause as set forth below. Thereafter, other than for just cause, said employment may be terminated by Ryco, at any time, and for any reason or no reason, but only upon thirty (30) days' written notice to Employee.

6.3     Ryco may terminate Employee, at any time, and immediately, but only for just cause. Just cause shall mean the following: fraud, embezzlement, the commission of a

6

felony or crime of moral turpitude, willful insubordination, willful violation of this agreement, or the infliction of injury to Ryco's property or to its business, which injury Ryco reasonably believes was intentional.

6.4 Should termination occur, all compensation as provided in Article II shall also terminate, including, but not limited to, any bonus payments.

## ARTICLE VII
## MISCELLANEOUS PROVISIONS

7.1 <u>Entire Agreement:</u> This Agreement sets forth and constitutes the entire agreement of the parties hereto regarding the subject matter hereof. This supersedes all prior understandings and agreements, whether written or oral, among the parties with respect to such subject matter. This Agreement may not be altered, amended, revoked or terminated, except by an instrument in writing executed by the parties hereto.

7.2 <u>Binding Agreement:</u> This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, personal representatives, successors and assigns.

7.3 <u>Severability:</u> If any provision of this Agreement shall be declared by any court to be illegal, void or unenforceable, the other provisions hereof shall not be affected and shall remain in full force and effect.

7.4 <u>Construction:</u> If any dispute arises with regard to the terms, conditions, and interpretation of this contract, the general rule of construing the language against the drafter shall not apply.

7.5 <u>Notice:</u> Any written notice required to be given by the terms hereof by either party to the other may be delivered in person or by mailing the same to Employee at 10207 Landwood Drive, Louisville, Kentucky 40291, or such other place as Employee designates in writing, or to the President of Ryco at 11422 Miracle Hills Drive, Suite 201, Omaha, Nebraska, or such other place as Ryco shall maintain as its principal office.

7.6 <u>Applicable Law:</u> This contract shall be governed pursuant to the laws of the State of Oregon.

7.7 <u>Acknowledgment:</u> By execution hereof, Employee acknowledges that this Employment Agreement is entered into in connection with his initial employment by Ryco and that he has read and understands the provisions of this Agreement.

7.8 <u>Execution:</u> This Agreement may be executed in one or more counterparts, all of which together shall be one instrument and all of which shall be considered duplicate originals.

IN WITNESS WHEREOF, this Agreement has been duly executed by the parties hereto on the date first set forth above.

_____
Brent E. Holdridge

RYCO PACKAGING CORPORATION

By: _____
Carl Riekes, President

Y:\WDOX\CLIENTS\8559\099\misc\LB5175.DOC

Employment Issues addressed between Ryco Packaging and Brent Holdridge:

**Tools/Resources:**
- laptop
- company credit card

**Contribution to Corporate Projects & Strategy:**
- Website
- Ryco University/Packaging Academy
- Medical Plan
- Product Development (i.e. Flow Design)

*Effective 7-1-06*

**Compensation:**
- Base Salary:   $150,000 (w/ $50,000 deducted from any year end bonus as previously outlined in 2004 Employment Agreement)

- Commission:   1.5% commission on gross profit of key/mentored accounts
  5% commission on gross profit of key/managed accounts
  (July 2006 -forward)
- Commission:   1.5% commission on gross profit of key/mentored accounts
  6% commission on gross profit of key/managed accounts
  (Jan 2006 - June 2006)

- In the event Ryco Packaging chooses to terminate the employment of Brent Holdridge, a four month severance package (of total compensation – base salary and commission) will be provided to Brent Holdridge (with 30 days notice).

**Agreed in Principle:**
- All personnel changes and business issues (including expenditures) in the profit center should be should be addressed and executed by Brent Holdridge with discussion and approval by Carl
- Any Employees in the profit center going to Carl Riekes or other corporate management personnel (with issues involving the branch management) will be first asked if the issue has been addressed by the branch District Management or be brought immediately to the attention of Brent Holdridge by that corporate representative
- Review financial statements on a monthly basis (as they are completed)
- Visit Omaha two times annually (minimum) to review various elements of the branch operation (Sales/GP, Inventory, A/R, Vendors (new, offshore, problems, etc.)
- Brent Holdridge should visit 2-3 other Ryco full service branches to shadow and gain additional insight on how branches are managed by other District Managers.
- Carl and Brent should touch base on a regular basis to discuss branch activity (either on the telephone or during Carl's periodic trips to Dallas)

**Signed in agreement:**

_____   6/22/06          _____   6/27/06
Carl Riekes                   Date              Brent Holdridge            Date

**EXHIBIT B**