## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **BRENT HOLDRIDGE**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-1202-L** |
| | § | |
| **TRICORBRAUN INC.**, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendant's Motion to Dismiss Plaintiff's Complaint for Improper Venue and for Failure to State a Claim or, in the Alternative, to Transfer, filed April 15, 2013; Plaintiff's Response to Defendant's Motion to Dismiss or Transfer, filed May 1, 2013; and Defendant's Reply in Support of Defendant's Motion to Dismiss Plaintiff's Complaint for Improper Venue and for Failure to State a Claim or, In the Alternative, to Transfer, filed May 8, 2013.   After careful consideration of the motions, response, reply, record, and applicable law, the court, rather than granting Defendant's Motion to Dismiss for Improper Venue, in the interest of justice, **transfers** this action to the Eastern District of Texas pursuant to 28 U.S.C. § 1406(a).   Accordingly, the court **grants** Defendant's Motion to Transfer Venue; **denies as moot** Defendant's Motion to Dismiss for Improper Venue; and **declines to rule** on Defendant's Motion to Dismiss for Failure to State a Claim.

## I.     Background

Plaintiff Brent Holdridge ("Holdridge" or "Plaintiff") brought this action against his former employer, Defendant TricorBraun Inc. ("TricorBraun" or "Defendant"),[1] on March 21, 2013, asserting claims for breach of contract, promissory and equitable estoppel, quantum meruit, money had and received, unjust enrichment, restitution, accounting, and attorney's fees.  Plaintiff also seeks an expedited declaratory judgment regarding the rights of the parties under the restrictive provisions of his employment agreement with Defendant.

On April 15, 2013, Defendant moved to dismiss Plaintiff's Original Complaint and Request for Declaratory Judgment ("Original Complaint") for lack of proper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Alternatively, Defendant requests that this action be transferred to the United States District Court for the Eastern District of Texas for further action.  The court ordered expedited briefing with respect to Defendant's motion to dismiss.  Shortly thereafter, Plaintiff filed his First Amended Complaint and Request for Expedited Declaratory Judgment ("Amended Complaint") on April 29, 2013.  On May 1, 2013, Plaintiff then filed his response to Defendant's motion to dismiss, contending that it should be denied because the Northern District of Texas is where a substantial part of the underlying events occurred and that his claims are not barred by the statute of limitations.  On May 8, 2013, Defendant filed its reply requesting the court to dismiss the Amended Complaint on the same grounds as the Original Complaint.

---

[1] TricorBraun Inc. was formerly known as Kranson Industries, Inc. ("Kranson").  Kranson legally changed its name to TricorBraun in 2010.  For the purposes of this memorandum opinion and order, references to TricorBraun also include Kranson.

**Memorandum Opinion and Order - Page 2**

From August 2004 to June 2007, Holdridge was employed by Ryco Packaging Corporation ("Ryco") as a Sales Manager of its Dallas District Office, located at 2100 Luna Road, Suite 100, Carrollton, Texas 75006. Holdridge worked for Ryco pursuant to an employment agreement ("Agreement"), which was amended in 2006 ("Amendment") (collectively, "Employment Contract"). In June 2007, TricorBraun, which is a Missouri corporation with its principal place of business in Missouri, acquired Ryco in a stock purchase transaction. In conjunction with the stock purchase deal, TricorBraun acquired the Employment Contract between Ryco and Holdridge. After the acquisition, Holdridge continued to work and manage the Dallas District Office. At the time of the acquisition, TricorBraun's Dallas District office was located at 4730 Simonton Road, Farmer's Branch, Texas 75244. Around December 2007, however, TricorBraun consolidated both offices and moved them to 500 Tittle Road, Lewisville, Texas 75056. From January 2010 until July 2012, with TricorBraun's knowledge, Holdridge worked almost exclusively from his home, located at 190 Roma Drive, Unit 2002, Lewisville, Texas, 75067.

Holdridge was terminated in July 2012. In September 2012, TricorBraun sent a demand letter ("Demand Letter") to Holdridge's home threatening to sue him under the Employment's Contract's restrictive covenants that prohibit Holdridge from working for a competitor and from soliciting TricorBraun's clients located within 200 miles from TricorBraun's Dallas District Office for a period of twenty-four months after termination. Holdridge then brought this action alleging that TricorBraun breached the Employment Contract. Specifically, Holdridge alleges that TricorBraun breached the agreement by: (1) paying him an incorrect severance amount; (2) making improper commission payments on accounts he "mentored" and managed after his promotion in June 2010; and (3) not paying him the annual bonus due under the agreement from 2008 to 2012.

## II.      Motion to Dismiss for Improper Venue

As a preliminary matter, the court first resolves a dispute between the parties as to whether the plaintiff or the defendant bears the burden of proof on a motion to dismiss for improper venue pursuant to 12(b)(3)of the Federal Rules of Civil Procedure.  The court previously determined that the better rule is one that places the burden on the movant and has stated that the defendant has the burden to demonstrate affirmatively that the plaintiff filed the lawsuit in an improper venue when moving to dismiss pursuant to 12(b)(3).  *International Truck and Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 558 (N.D. Tex. 2003); *see also Dagel v. Resident News, LLC*, 3:11-CV-00663-L, 2011 WL 3518281, at *8 (N.D. Tex. Aug. 10, 2011); *Roach v. Bloom*, 3:08-CV-439-L, 2009 WL 667218, at *2 (N.D. Tex. Mar. 16, 2009).  Defendant, however, relies on *Havenec v. EMC Mortg. LLC*, 3:12-CV-567-L, 2012 WL 1646863, at *3 (N.D. Tex. May 10, 2012), for the proposition that once a defendant raises the issue of improper venue, the plaintiff has the burden to prove that the chosen venue is proper.  *See also 5 Star Fitness-Coppell, LLC v. Dallas Magnolia Shopping Ctr. Dallas, TX. L.L.C.*, 3:12-CV-2481-L, 2012 WL 5834614 (N.D. Tex. Nov. 16, 2012) (same).  The court notes that both *Havenec* and *5 Star Fitness* cite to *International Truck* for the wrong proposition, as the language attributed to *International Truck* by these two cases does not even appear in *International Truck*.  As previously stated, in *International Truck*, the court held that, on a 12(b)(3) motion to dismiss, the defendant has the burden to demonstrate affirmatively that the plaintiff filed the lawsuit in an improper venue.  259 F. Supp.2d at 558.  Similarly, in *Roach*, the court held that the burden on a motion to dismiss for improper venue is on the defendant and explained its reasons for doing so.  2009 WL 667218, at *2.  As the court explained in *Roach*:

> A motion to dismiss for improper venue is a dilatory tactic used by defendants.
> When asserting a 12(b)(3) motion, a defendant does not question the court's

jurisdiction to hear the case; the only question is whether the case should be heard in the district in which it was originally filed.  Such motion is a privilege unique to defendants and is used as an affirmative defense.  As with any affirmative defense, it is waived if not properly raised.  Further, the burden of establishing an affirmative defense rests with the party asserting it.  Accordingly, the court sees no logical reason why [a defendant moving to dismiss pursuant to 12(b)(3)] should not be required to establish that venue is improper and that the action should be dismissed . . . ."

*Id.*

The court today adheres to the holdings in *International Truck* and *Roach*.  To the extent that *Havenec* and *5 Star Fitness* incorrectly cite *International Truck* for the proposition that the plaintiff bears the burden on a 12(b)(3) motion to dismiss, they are incorrect and may not be relied on as authority for determining which party has the burden of proof on a motion to dismiss pursuant to 12(b)(3).  Therefore, those cases have no precedential value on this point, and the court apologizes for any confusion or inconvenience caused by their citing to *International Truck* for the wrong point of law.

In resolving a Rule 12(b)(3) motion, "the court is permitted to look at evidence beyond simply those facts alleged in the complaint and its proper attachments."  *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (internal quotation marks omitted).  Under the general venue statute, venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Section 1391 further provides that "an entity with the capacity to sue and be

sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action . . . ." 28 U.S.C. § 1391(c)(2).  If the district court of a district in which a case is filed determines that venue is improper, it must dismiss the case or may, in the interest of justice, transfer it to a district or division where it could have been brought. 28 U.S.C. § 1406(a).

## III.    Analysis

Defendant contends that venue in the United States District Court for the Northern District of Texas is improper because: (1) it has maintained its branch office from 2007 to the present in Lewisville, a city in Denton County, Texas, which is located in the Eastern District of Texas; (2) Plaintiff resides in Denton County; and (3) Plaintiff's allegations cover the period during which he worked for TricorBraun in Denton County.  Therefore, Defendant argues, this action must be dismissed or, in the alternative, transferred to the United States District Court for the Eastern District of Texas.

Plaintiff counters that venue is proper in the Northern District because a substantial part of the underlying events occurred in the Northern District.  Specifically, Plaintiff alleges that: (1) the Agreement, which forms the basis for claims in this lawsuit, was discussed and negotiated in the Northern District; (2) the Amendment was negotiated and executed in the Northern District; (3) when TricorBraun acquired Ryco, it met with Holdridge in the Northern District to discuss the acquisition, transition, and his employment; (4) TricorBraun maintained an office in the Northern District until the end of 2007; (5) since 2005, Holdridge has lived and worked from his home in Dallas County, which lies within the Northern District; (6) TricorBraun communicated with

**Memorandum Opinion and Order - Page 6**

Holdridge at his home in the Northern District; and (7) TricorBraun demands compliance with restrictive provisions that would prevent Holdridge from working in a large part of the Northern District.  Holdridge concedes that this action could have been brought in the Eastern District, but he contends that the "entire sequence of events and the substantial number of connections with the Northern District" demonstrate that it is the most convenient venue and, as such, the court should decline to transfer this case to the Eastern District.

Both parties agree that this action could have been brought in the Eastern District, and the court agrees.  As there is a district in which this action could have been brought, section 1391(b)(3) does not apply.  Therefore, venue is only proper in the Northern District if TricorBraun resides in this judicial district or it is where "a substantial part of the events or omissions giving rise to the claim occurred."  *See* 28 U.S.C. § 1391(b)(1), (2).  There is no dispute that since 2007, TricorBraun has resided in Denton County, which is in the Eastern District.  Thus, the court concludes that venue does not lie in the Northern District on the basis of section 1391(b)(1) or (b)(3).

Accordingly, venue would only be proper in this district if a substantial part of the events or omissions giving rise to Holdridge's claims occurred in the Northern District.  *See* § 1391(b)(2).  In support of his argument that a substantial part of the events giving rise to his claim occurred in the Northern District, Plaintiff points out that the Employment Contract, which forms the basis of his claims, was negotiated and executed in part in the Northern District.  Holdridge, however, asserts claims alleging *breach* of the Employment Contract, and the analysis should not be focused on where it was negotiated or executed but instead on where it was allegedly *breached*.  Thus, where the Employment Contract was discussed, negotiated, and executed is immaterial to the court's analysis.

**Memorandum Opinion and Order - Page 7**

Further, Plaintiff argues that because he worked from his home in Dallas County and communicated extensively with TricorBraun from his home during his employment with the company, this also supports the conclusion that a substantial part of the events or omissions giving rise to the claim occurred in the Northern District.  The court first addresses Plaintiff's contention that his home is located in Dallas County rather than in Denton County as Defendant asserts. Plaintiff produces as evidence that his home is located exclusively in Dallas County documents from the Dallas County Appraisal District, the Dallas County Tax Assessor, and maps of Texas county lines, all of which suggests that his home is located in Dallas County.  Defendant, however, in its reply, produces evidence indicating that Plaintiff's property lies in *both* Dallas and Denton counties. Specifically, Defendant  has produced a copy of the warranty deed conveying the property to Holdridge that was recorded in Denton County.  The warranty deed describes the property as:

> UNIT NO. 2002, OF VILLAS AT COPPELL TOWNHOMES, A CONDOMINIUM IN DENTON COUNTY AND DALLAS COUNTY, TEXAS TOGETHER WITH AN UNDIVIDED INTEREST IN THE COMMON ELEMENTS ACCORDING TO THE DECLARATION RECORDED IN CC#200600180658, REAL PROPERTY RECORDS OF DALLAS COUNTY, TEXAS, ACCORDING TO THE DECLARATION RECORDED IN CC# 2006-58553, REAL PROPERTY RECORDS, DENTON COUNTY, TEXAS.

Def.'s App. to Reply Br. 2.  Additionally, Defendant produces a release of lien, executed by Mortgage Electronic Registration Systems on November 30, 2012, and addressed to *Denton County*, releasing the deed of trust lien on Holdridge's property.  *Id.* at 7.  Moreover, the documents produced by Plaintiff even suggest that his home is located in both counties.  For instance, the property descriptions on his 2011 property tax statement and 2013 appraisal from Dallas Central Appraisal District bear the abbreviation "JURIS SPLIT" next to his condominium unit, which the court reasonably infers stands for "jurisdiction split."  *See* Pl.'s App. 25, 53.  The appraisal also indicates

that Holdridge is estimated to pay at least some of his property taxes in 2013 to Denton County as a Special District.  *Id. at* 53.  Thus, the court finds that Plaintiff's contention, that it "is simply untrue" that his home is located in Denton County, does not square with documentation that he produced, indicating that his home lies in both counties.  The court therefore determines that for purposes of this motion, Holdridge's home is located in Dallas and Denton counties.  Accordingly, each time that Holdridge alleges he worked and received communications at his home in Dallas County, he also worked and received communications at his home in Denton County.

In any event, that Holdridge worked and received communications at home is quite beside the point, as his breach of contract claim against TricorBraun alleges the company made improper payments to him with respect to his compensation, bonus, and severance.  According to TricorBraun's Reply, "every payment, every commission statement, and every communication regarding his compensation originated from TricorBraun's Lewisville office, which is in Denton County and the Eastern District."  Def.'s Reply 3.  Although TricorBraun does not submit an affidavit or declaration to support its contention, the court reasonably infers that any payments made by TricorBraun to Holdridge would not have originated from his home.  Moreover, the court reasonably infers that the compensation, bonus, and severance decisions made by TricorBraun that would have resulted in the allegedly improper payments did not originate from Holdridge's home either.  It defies common sense and reason to reasonably believe that such decisions by TricorBraun were made at Holdridge's home.  Such employment actions or decisions are customarily made or effectuated at a business entity's location, which could be the principal place of business, the state of incorporation, or a branch office of the corporation.  TricorBraun has no such location in Dallas County, Texas.  Therefore, the court is not convinced that a substantial part of the events or

omissions giving rise to Holdridge's claims occurred in Dallas County; rather, TricorBraun's actions with respect to making allegedly improper payments to Holdridge reasonably appear to have all occurred in Denton County, which lies in the Eastern District, or some other location not in the Northern District.  Accordingly, the court determines that venue is not proper in this district, and TricorBraun is entitled to dismissal of this action pursuant to Rule 12(b)(3) for improper venue. Because venue is not proper in this district, the court does not address TricorBraun's 12(b)(6) arguments. Rather than dismiss this action pursuant to Rule 12(b)(3), however, the court, in the interest of justice, will transfer this action pursuant to section 1406(a), to the United States District Court for the Eastern District of Texas, where the action could have been brought initially.[2]

## IV.  Conclusion

For the reasons herein stated, the court **determines** that venue in this district is not proper and that this case should have been brought in the Eastern District of Texas where Defendant resides and where a substantial part of the events or omissions giving rise to the claim occurred.  The court, rather than grant Defendant's Motion to Dismiss Plaintiff's Complaint for Improper Venue and dismiss this action without prejudice for improper venue, in the interest of justice, **transfers** this action to the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. § 1406(a). Accordingly, the court **grants** Defendant's Motion to Transfer Venue; **denies as moot** Defendant's Motion to Dismiss for Improper Venue; and **declines to rule** on Defendant's Motion to Dismiss for Failure to State a Claim, as this motion should be determined by the transferee court.  The clerk of court shall effect this transfer in accordance with the usual procedure.

---

[2] TricorBraun appears to request, in the alternative, that this action be transferred pursuant to 28 U.S.C. § 1406(a) or § 1404(a).  *See* Def.'s Mot. to Dismiss 4, 7.  The court, however, determines that transfer of this action pursuant to section 1406(a) is the more appropriate course of action.  Moreover, the court determines that TricorBraun has not met its burden that the Eastern District is a more convenient forum under section 1404(a).

**It is so ordered** this 26th day of June, 2013.

Sam A. Lindsay
United States District Judge